## PAROL LEASES AND THE STATUTE OF FRAUDS.

[Common Pleas Court of Cuyahoga County.]

LOUIS DOMINICK v. JAMES KANE AND MOLLIE KANE.

Decided, November 24, 1906.

*Landlord and Tenant—Forcible Entry and Detainer—Evidence as to Existence of Parol Lease Admissible, When—Possession—Sections 4106, 4112 and 4198.*

It being the settled law of this state that a verbal lease for a term not exceeding three years, when accompanied by possession, is taken out of the statute of frauds, it follows that the duration and terms of the parol lease may be shown by evidence of the verbal agreement between the parties.

BEACOM, J.

This is a proceeding in error, seeking to reverse a judgment granted by a justice of the peace in favor of defendants in error herein, in a forcible entry and detainer proceeding. There is no dispute about the facts. In May, 1906, plaintiff in error herein became the tenant of defendant herein, taking possession of and occupying, from that time until the forcible entry and detainer suit was brought in the justice court, a certain dwelling-house in the city of Cleveland. No writings were had between the parties. Whatever their contract was it existed only by parol agreement and the fact of possession by plaintiff in error.

Plaintiff in error sought to show, this proceeding having been brought about six months after their occupancy began, that, before possession of the premises were taken, conversations were had between plaintiff and defendants of such a character that a parol lease for one year was agreed upon. The justice excluded this evidence. It is clear that if this evidence was wrongfully excluded, then such exclusion was prejudicial. If the evidence had been admitted it would have tended to show that the parties had agreed upon a lease for a year and that the proceedings by the landlord in forcible entry and detainer could not be maintained.

Section 4106, Revised Statutes, provides, in substance, that a lease of lands must be signed by the lessor and acknowledged by him and witnessed. Section 4112 excepts from the provisions of Section 4106 leases not exceeding three years, if accompanied by possession.

The statute of frauds, 4198, Revised Statutes, provides, in addition to the provisions of Section 4106, that no interest in real estate can be granted except by writing. If we had only the rule of the statute of frauds, then this provision would determine this present proceeding in favor of defendants in error, but soon after the enactment of the statute of frauds it was declared by the courts that this legislation, intended to prevent fraud, should not be used as an instrument for its perpetration. In pursuance of this principle it was held that where the provisions of a parol lease for a short period did not exist solely in mens minds and memories, but was evidenced by the open and notorious fact of the lessor having been placed in possession, then, in that case, this manifest act of possession was declared to have taken the case out of the statute of frauds. The statute provides absolutely that nothing can be granted except in writing, but the courts early held that this provision did not apply in a case where something had been done of such a character that the party did not rely for evidence of his rights solely upon parol testimony, but did rely partly upon the open and manifest physical act of possession.

. Likewise in this state the courts have in clear language held that partial performance may take a case out of the statute

of frauds, and that delivery of possession on a parol lease not exceeding three years is sufficient for that purpose. This has been held in numerous cases, among others, in 7 O. S., 158. In paragraph 2 of the syllabus, it is said that—

"A parol lease of lands for more than one year but less than three will, by the taking possession under it and the payment of rent according to its terms, be withdrawn wholly from the operation of the statute of frauds."

We find, then, that although our statutes provide that an interest in real estate can be granted only in writing, and further that it can be granted only in writing signed and acknowledged by the lessor and witnessed, yet that it is settled law in this state that a lease not exceeding three years accompanied by a possession is taken out of the statute of frauds, the possession being deemed, for a lease of short duration, the substantial equivalent in its evidential character of a written instrument. Judge Swan has, on pages 576 and 577 of his Treatise, stated substantially the same thing in this language:

"If a lease is not in writing but a mere verbal contract, it is binding on both parties, provided the tenant took possession under it, precisely as if it was executed according to the prescribed rules of the statute."

This, then, appears to be the situation herein: If that lease made by word of mouth for a period not exceeding three years is good, it is good because of the existence of the two facts, first, the oral agreement, and second, the taking possession. Those are the facts which establish existence of the right of the tenant to occupancy, and since those are the facts which constitute the foundation of his rights, he must be permitted to introduce evidence of those two facts in order to establish his rights. If, in the language of Judge Swan, "it is binding on both parties precisely as if executed according to the statute," then the elements, to-wit, the parol agreement and the possession, which together constitute the evidence of a right to enjoyment of possession, can both be shown in a court by evidence exactly as the written instrument might be introduced in evidence, if such instrument existed. If such evidence could not be introduced, we arrive at the absurd position that the law says that the tenant who has possession

under a parol agreement for possession for a period less than three years has a perfectly valid lease, but that, if the landlord brings a proceeding in forcible entry and detainer, the tenant can not be permitted to introduce the only possible evidence of a parol agreement, to-wit, parol evidence. The lease is in theory as good as a written lease, but if the contention of defendant in error herein be true, then the only possible evidence that could exist to substantiate the claim of plaintiff is excluded. That appears to this court to be a reduction to an absurdity. It is the equivalent of saying that a parol contract is perfectly good, but that its provisions must be proved by something other than parol, which is a manifest reduction to an absurdity.

Defendants in error rely upon a case, 2 O. D., 635. That case doubtless does hold to the theory that while such parol evidence might be introduced in a court of equity, it can not be introduced in court of law. What substance can exist in that language this court is unable to see. That decision was made nearly half a century ago by a common pleas court of this state, and is only binding upon this court in so far as its reasoning appeals to the judgment of this court, and its reasoning does not appeal to the judgment of this court in any degree. Morever, an examination of this case will show that, in order to arrive at the conclusion therein arrived at, the distinguished judge who announced the opinion found it necessary to criticise certain decisions of the Supreme Court and to assert that they had been decided by only two judges and not by a full bench.

Therefore I am of opinion that in a forcible entry and detainer case, and any other kind of a case or proceeding in a court that has jurisdiction of the subject-matter, it is sufficient to show that a lease of lands for a period not exceeding three years, if accompanied by possession, was made without writings but was made by parol, and that the terms of said parol lease may be shown by evidence of the parol agreement of the parties.

Judgment reversed. Defendants in error except.

*Bemis & Calfee,* for plaintiff.

*O. W. Broadwell,* for defendants.